IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| Robin Lynn Busby, | : | |
| Debtor | : | NO. 20-10520-amc |

**LETTER BRIEF OF DEBTOR IN SUPPORT OF MOTION FOR CONTEMPT**

The court instructed parties to provide letter briefing on certain legal issues and actions respondents made in violation of the automatic stay and discharge injunction in this matter.

**Background**

Robin Busby, debtor, filed for Chapter 13 bankruptcy protection on January 28, 2020. (20-10520-AMC ECF #1.) At that time, debtor owned real property located at 1100 Hillcrest Road Penn Valley PA 19072 reflected on her Schedule A/B. Proof of Claims deadline 4/7/2020 (ECF#28). Three Claims were filed. Debtor objected to 2 unsecured claims as invalid and the Court granted the objection. A third creditor held the first mortgage on debtor's primary residence. Creditor and Debtor settled the claim and its was withdrawn. ECF#88 and 91. The Honorable Ashley M Chan confirmed debtor's Amended Chapter 13 Plan on March 30, 2021 (ECF#87). Thereafter, on March 31, 2021, Debtor issued payment to her secured creditor to satisfy the primary mortgage on her residence. On August 5, 2021, the Honorable Ashley M Chan entered an Order Discharging Debtor. (ECF#99).

**An Unknown Creditor Demands Payment**

On the same day, August 5, 2021, Robin Busby signed an Agreement of Sale for her primary residence with settlement scheduled for early October 2021. Ms. Busby's agent, Jane Broderson, informed Robin that an outstanding mortgage required payment at settlement. Around August 24, 2021, Debtor counsel contacted local lawyer, Barry Krengel, who claimed his client, SMS Financial JDP was entitled to payment at settlement from the

proceeds. Debtor counsel informed Attorney Krengel that Debtor had filed for bankruptcy and obtained a discharge order. Krengel argued his client obtained a state court order, dated February 7, 2020, striking a satisfaction of the Busby mortgage he says was erroneously filed in March 2017.

Despite this direct notice, supported by documentation that Busby filed for bankruptcy 10 days before the Court entered its order and that Busby obtained an Order for Discharge, SMS and Krengel continued to demand and ultimately collect over $100,000 from proceeds of the sale of 1100 Hillcrest Road property.

### Demands are Against 1/2 Interest held by Former Husband are Defective

Attorney Krengel argued it obtained an order that effects only the 1/2 interest held by Ms. Busby's ex husband, Robert. However, a review of the state court order indicates it authorizes SMS to pursue an in rem judgment against the entire property. ( it does not limit it to Robert's 1/2 interest). It further directs the Recorder of Deeds to strike the Mortgage Satisfaction. The result being the creation, imposition or enforcement of a prior lien on property held in a bankruptcy estate.

However, Attorney Krengel and SMS do not have a valid factual or legal position to claim an interest in the Busby property. Krengel argues that upon divorce, property held as tenants in entireties becomes tenants in common. This change in status allows a lien holder to seek remedies against either 1/2 share of the property. Where the property is held as tenants in common, either party is subject to valid liens or mortgages.

### Guaranty Bank and Mutual Settlement and Satisfaction in 2017

Krengel asserts that Robin Busby obtained a Release and Satisfaction from Guaranty Bank in January 2017 in exchange for the payment of $20,000. This Release between Guaranty Bank and Robin Busby released and satisfied all claims between the parties related to Robin and all her interests in the mortgaged real estate at 1100 Hillcrest Road. (See Settlement Agreement and Release Recitals). The Settlement Agreement and Release is an integrated writing expressing the agreement between the parties. (See paragraph 16.) Thereafter, Guaranty Bank filed and recorded a valid, authenticated and acknowledged Satisfaction of Mortgage on March 28, 2017.

### **Guaranty Bank, SMS Financial and Krengel Aver Actual Notice of Divorce Decree**

Guaranty Bank had actual and constructive notice of the fee simple deed prior to signing the Settlement and Release Agreement and taking $20,000 from Busby.  The Settlement and Release agreement refers directly to the Busby divorce by docket no and date of the Divorce decree.  Despite this direct knowledge, SMS and Krengel misrepresented this information in its Petition to Strike the Guaranty Bank satisfaction.  Like Guaranty Bank, SMS and its counsel, directly stated the divorce docket number and decree date in its Petition to Strike Satisfaction at paragraph 6.  Such recitals and averments are direct acknowledgement of the divorce docket number and the divorce decree incorporating the fee simple deed.  It is uncontroverted that Guaranty Bank and SMS along with its counsel had direct, actual and constructive notice of the deed transfer made prior to divorce.

The issue presented by SMS and Krengel is whether Busby held the property as a tenant in common with her ex husband or in fee simple at the time she paid Guaranty Bank $20,000.  The effect would be that any actions taken by Krengel and SMS only affected Robert's 1/2 undivided share which they assert was not property of the bankruptcy estate.  This argument has no merit and SMS and Krengel had actual, direct and constructive notice that Robin Busby held the property in fee simple before her divorce.  Guaranty Bank, SMS and Krengel further knew that a deed, executed and notarized on 9/22/16 transferring the property in fee simple to Robin Busby was transmitted to the state court on September 26, 2016.  A divorce decree dated and recorded on October 20, 2016 incorporated the deed that was part of the Busby property settlement agreement.

The Divorce Decree includes the Property Settlement Agreement (PSA) that appends the Deed in Fee Simple to Robin Busby.  The Divorce Decree signed by Judge Clifford makes direct reference to the Property Settlement Agreement (PSA) signed 9/22/16 and transmitted on 9/26/16.  The Divorce Decree is a single entry upon the Divorce Docket as item # 11009790.  Each page of the PSA and Deed include upon the left hand margin the date, time and docket number when entered on the record: Case # 2014-17853-23 docketed on 9/26/2016 at 1:22PM.

## Is An Unrecorded Deed Invalid and Does Divorce Create Tenants in Common Ownership?

SMS and Krengel assert that Robert Busby held a 1/2 undivided interest in the property as a result of entry of divorce and where the deed was not recorded it is invalid as to their rights against the property interests held by Robert Busby. If SMS had any rights in the property - it released them with Robin Busby or it would be only that portion that Robert Busby held following entry of divorce. The record is clear that Robert Busby held no property rights in 1100 Hillcrest Road at the time divorce was entered.

As the general rule entry of divorce decree results in tenants in common ownership of property once held as entireties. This automatic provision is subject to an order entered by the divorce court. Whenever married persons holding property as tenants by entireties are divorced, they shall, <u>except as otherwise provided by an order made under this chapter</u>, thereafter hold the property as tenants in common of equal one-half shares in value, and either of them may bring an action against the other to have the property sold and the proceeds divided between them. 23 Pa. C.S.A. § 3507(a)(emphasis added). Judge Clifford entered an order affecting the entireties in his Divorce Decree by incorporating the PSA and Fee Simple deed.

Whenever married persons have acquired real estate as tenants by entireties and thereafter are divorced, either former spouse, except as otherwise provided by an order made under this chapter, may convey to the other, without the joinder of the other, the grantor's interest in the real estate so that the grantee holds the real estate in fee simple, freed from all right, title and interest which the grantor had in the real estate as a tenant by the entireties. 23 Pa. C.S.A. § 3508. Robert Busby made such a conveyance to Robin Busby. At no time did Robert and Robin own the residence as tenants in common.

### Deed in Escrow Changes Nothing for Robert Busby

SMS and Krengel suggest that where the deed in fee simple was not recorded and was held in escrow as per the PSA - that tenants in common results. This is simply not supported by the facts. Even if the deed was held in escrow, the PSA did not provide that Robert would retain any property rights or hold a reversion interest in the property. To the contrary, there

is no provision that provides any different result for Robert Busby but only for his children and their right to receive certain proceeds.

While the PSA provides for holding the deed in escrow - the recording of its existence is provided by entry of the divorce decree and compliance with 21 PS § 402.  When any final judgment or decree, heretofore or hereafter entered in any court in this Commonwealth, affects any deed or other instrument of record in the office of the recorder of deeds of any county, the recording of such judgment or decree, and a reference thereto noted upon the margin of the record of said deed or other instrument, giving the court, the date, and the number and term thereof, <u>shall constitute record notice of such judgment or decree</u>.  21 PS § 402.(emphasis added)   <u>Mid-State Bank and Trust Co. v. Globalnet Int'l, Inc.</u>,557 Pa. 555, 565, 735 A.2d 79 (1999) ("A party is on constructive notice of another's interest in real property where the party `could have learned by inquiry of the person in possession and of others who, they had reason to believe, knew of facts which might affect title, and also by what appeared in the appropriate indexes in the office of the recorder of deeds.'") (quoting <u>Lund v. Heinrich</u>, 410 Pa. 341, 346, 189 A.2d 581 (1963)).

**<u>If unrecorded - how does law treat the deed - is it recorded by other means?</u>**

An unrecorded deed is valid against defendants with constructive or actual notice. <u>In re Best</u>, 417 B.R. 259 (Bankr. E.D. Pa. 2009).  Whether and to what extent an unrecorded deed is valid depends on who is asserting such invalidity and to what extent that challenger had actual or constructive notice of the deed. First, a written, properly authenticated and acknowledge deed is valid.  The Busby Fee Simple deed is valid and acknowledge, including signatures and notary. It is further acknowledged through incorporation into a judicial order.  Pennsylvania statute 21 PS § 351 provides an unrecorded deed is invalid to any subsequent mortgage or creditor without actual or constructive notice.  Valid recording is constructive notice as an operation of law.  21 PS § 357.  Where Judge Clifford made reference to the PSA and deed in his Divorce Decree and the deed contained references to docket number, date and time upon the margin of the deed, it <u>shall constitute record notice of such decree</u>. 21 PS § 402. See <u>Mid-State Bank</u> at 565.

The Third Circuit clarified the validity issue of 21 PS § 351 in <u>Montgomery County v MERSCORP Inc.</u>, 795 F.3d 372 (3rd Cir. 2015). The court rejected the district court's argument that § 351 required recording of all conveyances. Rather the Court held:

Significantly, § 351 does not specify who must record a conveyance, when it must be recorded, or how a duty to record would be enforced. Moreover, as the District Court acknowledged, recording is not necessary to validly convey property in Pennsylvania. See, e.g., <u>Matter of Pentrack's Estate</u>, 405 A.2d 879, 880 (Pa. 1979) ("Title to real estate may be passed by delivery of a deed without recording."); <u>Fiore v. Fiore</u>, 174 A.2d 858, 859 (Pa. 1961) (holding that "recording of the deed was not essential to its validity or the transition of the title"). <u>Id</u> at 377. If recording of all conveyances is required by § 351, as the Recorder suggests, it does not follow that Pennsylvania courts would recognize unrecorded conveyances as valid. Section 351 does not impose a duty to record all land conveyances. <u>Id</u> at 379. § 351 provides for the consequence of not recording - it is void against any subsequent bona fide purchaser. No other consequence for failure to record is set forth in Pennsylvania law. <u>Id</u> at 376. However, SMS does not possess bona fide status- as it had actual and constructive notice of the fee simple deed before it took any steps to create or enforce a lien on Robin Busby's real property.

### **No Fair Ground of Doubt about its rights**

SMS Financial and its counsel, Barry Krengel, had no fair ground of doubt as to whether the discharge order barred their conduct in demanding payment from Robin Busby's proceeds. Both respondents had actual direct knowledge that Busby filed for bankruptcy on January 28, 2020 and that she obtained an Order for Discharge on August 5, 2021. The record shows that Krengel - acting as counsel and agent for SMS - communicated with Busby's real estate agent on August 2, 2021 informing her that SMS held a valid mortgage that required payment. (Oddly, Krengel contact with real estate agent occurred 3 days before Busby signed an agreement of sale). The automatic stay was in effect as of August 2, 2021.

### **Violations with Impunity**

SMS Financial violated the automatic stay when it proceeded in state court in 2018 and 2020 to obtain a lien against property of the bankruptcy estate. SMS compounded its error

by making material false statements regarding the fee simple deed Busby held. Despite this knowledge, SMS included a fabricated Assignment of Mortgage and Amended Satisfaction it attempted to record against the property in February 2018. This Assignment included a deed description that failed to provide the current deed in fee simple. SMS made declarations, signed by its officers, that it held successor rights to the original Shelter Mortgage LLC mortgage recorded against the property. However, public records indicate that Guaranty Bank sold its Shelter Mortgage business to a private equity firm in 2013. Thereafter, that firm sold Shelter Mortgage LLC to a Pennsylvania firm in September 2014. The Federal Deposit Insurance Corporation (FDIC) shuttered Guaranty Bank in May 2017 just months after Busby signed the Settlement Agreement and paid $20,000 to Guaranty Bank- even though records would suggest Guaranty Bank no longer held the mortgage going back to 2014.. The FDIC transferred all interests in Guaranty Bank to First Citizens Bank of Raleigh North Carolina. Yet, SMS fabricated and attempted to record an Assignment of Mortgage on behalf of Guaranty Bank asserting it held the mortgage on behalf of Shelter Mortgage in 2018 as an attorney in fact for the FDIC. This record is contradicted by public records. A review of the Recorder of Deeds does not reflect an assignment of mortgage to SMS Financial despite its averments. Accordingly, SMS Financial is a sham creditor without an interest - secured or otherwise - in any mortgage or property held by Robin Busby.

### Motive and Intent to Deceive

SMS Financial and its counsel, Krengel, had the time, knowledge and opportunity to take a course of action to resolve the disputed deed and mortgage satisfaction issue by filing with this court a proof of claim or declaratory judgment action to perfect its interests before the real estate settlement in October 2021. Debtor counsel directly notified all parties, including SMS Financial, Krengel, the Title Company and both real estate agents that Robin Busby disputed the validity of any mortgage or court order that would entitle SMS to any proceeds. Yet each of these parties held a motive that was in conflict with Ms. Busby's property rights.

Krengel and debtor counsel had several email exchanges regarding the disputed court order and deed issue. Krengel held actual copies of the notice of bankruptcy and order for discharge, along with the Divorce Decree incorporating the Property Settlement Agreement and fee simple deed. In utter disregard, SMS and Krengel made written demands on the title company to payoff the Guaranty Bank mortgage in the name of SMS. Krengel demanded payment from Busby to amicably resolve the matter in direct violation of the discharge injunction.

Ultimately, SMS received and has not returned over $100,000 in proceeds from the sale of debtor's property.

Debtor filed a Petition to Vacate the February 7, 2020 state court order creating a lien on estate property. Krengel argued Debtor waived any defenses when she did not attend the state court hearing. Attend - she was in active bankruptcy getting a fresh start. The petition notified the state court that a valid bankruptcy removed all claims regarding the property to bankruptcy court. SMS and Krengel responded that the property sold and the lien was marked satisfied - therefore Debtors petition to vacate was moot and a nullity. With misdirection and slight of hand, SMS and its counsel Krengel have navigated in the shadows of the law - a place where light does not reach - and most do not venture. SMS and its counsel have argued and continue to this day to assert that it held rights to enforce a mortgage against Robert Busby's 1/2 interest in 1100 Hillcrest Road.

**Significant Damages Continue**

Robin Busby has suffered significant financial loss and emotional stress and strain as a result of SMS and Krengel's conduct. When she filed for bankruptcy in January 2020 - she owed no debt to SMS Financial or to Guaranty Bank. A proper, valid and enforceable mortgage satisfaction was of record since 2017. SMS Financial nor Guaranty Bank filed a proof of claim or objection to the Chapter 13 Plan. As of January 28, 2020, neither SMS Financial nor Guaranty Bank held a secured interest in any property affecting Robin's real estate. SMS Financial attempted to record an assignment of mortgage - which the recorder properly rejected where the mortgage subject to the assignment was validly satisfied and released since March 2017. The Divorce Decree put all creditors and mortgagees on notice

that a deed in fee simple gave the entireties property to Robin Busby. When Busby filed bankruptcy, no further liens or filings could validly alter the property of the estate unless the bankruptcy court so ordered upon a creditor seeking relief from the automatic stay. SMS Financial did not seek relief from automatic stay. Nor could SMS obtain relief where it held no secured interest in estate property. Even if SMS filed a Proof of Claim in bankruptcy court, the outcome would be that any secured claim would be rejected by the court. Even if SMS held rights to enforce the Guaranty Bank claims - it cannot overcome the Settlement Agreement that Busby signed mutually releasing all claims regarding her interests in the property - her interests at the time were fee simple and 100%.

All arguments regarding validity of an unrecorded or escrowed deed are defective - the deed is clearly valid - on its face it has no defects. Pennsylvania law provides for record notice of a decree affecting property where it is of record and indicates in the margin the docket number, date and time of filing. SMS Financial, Guaranty Bank and Attorney Krengel all have actual and constructive notice of the fee simple deed and Robin Busby's singular ownership interest. More importantly, these parties knew that Robert Busby had actually, while married, conveyed all his interests in the property to his wife. Recording is not mandatory for validity. The consequences of unrecorded conveyance apply only to bona fide parties who take without notice or consideration. Nothing about SMS Financial or its counsel is bona fide. Not its unscrupulous tactics. Not its lack of candor to a tribunal about the law. Not its shady interpretation of controlling facts. SMS Financial and Attorney Krengel are in contempt of this Court's Discharge Injunction and the Automatic stay provisions that protected Robin Busby from precisely this form of improper conduct.

Dated: May 31, 2022

                                                Respectfully Submitted,

                                                /S/ Paul A.R. Stewart, Esquire
                                                Legal Helm, LLC
                                                Paul A.R. Stewart, Esquire
                                                Attorney for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| Robin Lynn Busby, | : | |
| Debtor | : | NO. 20-10520-amc |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing

**LETTER BRIEF OF DEBTOR IN SUPPORT OF MOTION FOR CONTEMPT**

was served on May 31, 2022 by means of the Court's CM.ECF system or via first class mail, postage prepaid, upon the following:

Jeffrey B McCarron
Swartz Campbell, LLC
1650 Market Street, 38th Floor
Philadelphia, PA 19103
215-299-4376
jmccarron@sqartzcampbell.com
*Attorney for Respondent*
*Barry Krengel*

Holly Smith Miller
Gellert Scali Busenkell & Brow, LLC
1628 John F. Kennedy Blvd, Suite 1901
Philadelphia, PA 19103
215-238-0012
hsmiller@gsbblaw.com
*Attorney for Respondent*
*SMS Financial*

/S/ Paul A.R. Stewart, Esquire
Legal Helm, LLC
Paul A.R. Stewart, Esquire
Attorney for Debtor