UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| Robin Lynn Busby, | : | |
| Debtor | : | |
| | : | NO. 20-10520-amc |
| | : | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION BY
RESPONDENT, BARRY KRENGEL, TO DEBTOR'S MOTION
FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY
AND DISCHARGE INJUNCTION**

The letter brief submitted by debtor does not establish respondent, Barry Krengel, Esquire, violated the bankruptcy laws. Debtor's contention that the activity to correct an erroneously filed mortgage satisfaction relating to the property debtor commonly owned with her former spouse, Robert G. Busby, was against debtor and against an asset of the bankruptcy estate is unsupported. Debtor was not the sole owner of the property because the condition to transfer ownership from Robert G. Busby to debtor was never satisfied. Robert G. Busby retained ownership and his undivided interest in the Property was not an asset of debtor's bankruptcy estate. SMS Financial's activity to remove and replace the erroneously recorded mortgage satisfaction with a release limited to debtor and to collect the mortgage balance from the sale proceeds of the Property owned by Robert G. Busby was not action against debtor. There is no basis for contempt.

A. **Procedural History**

This matter involves a motion for contempt by debtor, Robin Busby, filed with the Bankruptcy Court on March 15, 2022. (Docket no. 111.) The motion for contempt follows Pennsylvania court proceedings in which debtor unsuccessfully challenged the

propriety of the action by SMS Financial to strike the mortgage satisfaction and replace it with a release limited to debtor.  Debtor's appeal remains pending.  (Order and opinion by the Honorable Weny G. Rothstein of February 22, 2022; Superior Court of Pennsylvania no. 141 EDA 2022.)  Respondent, Barry Krengel, Esquire, attorney for SMS Financial, responded in opposition to the motion for contempt and submitted a brief in support of his opposition to the motion for contempt on April 19, 2022. (Docket nos. 117 and 117-1).  Debtor did not submit a brief in support of debtor's motion for contempt or reply in support of debtor's motion for contempt.  Debtor's motion did not specify the activity on which the request for contempt was based or the specific provision or provisions of sections 362 and 524 of the Bankruptcy Code debtor contends were violated.

      The attorneys for the parties presented oral arguments on April 26, 2022 concerning the motion for contempt.  (Transcript of proceeding on April 26, 2022, docket no. 120.)  At the conclusion of the arguments, the Court instructed debtor's counsel to submit a letter brief expressing debtor's contentions about

1. the identity of the owner or owners of the real property as of the petition for bankruptcy (on June 28, 2020) along with the basis for the contention; and
2. each and every instance in which the creditor violated the stay by describing the activity and an explanation about the reason each activity violated the stay or the discharge order.

(Transcript of proceeding on April 26, 2022, docket no. 120 at 29 - 30.)  This Court understandably directed debtor to "identify each and every instance where [debtor think[s] that the creditor violated the stay." (Transcript of proceeding on April 26, 2022, docket no. 120 at 30:7-8; *see also* 30:9-14.)  "That way,  then …, when [debtor] lay[s] it out [the

2

Court] can look at each allegation and … can make a decision as to each of them." (Transcript of proceeding on April 26, 2022, docket no. 120 at 31:3-5.) The Court requested respondents to submit a response providing their counter positions to each of debtor's contentions and to indicate the reason each activity specifically identified by debtor did not violate the stay or discharge. (Transcript of proceeding on April 26, 2022, docket no. 120 at 30 - 31.)

Debtor submitted her letter brief on May 31, 2022. (Docket no. 121.) This brief is submitted to provide Attorney Krengel's counter positions as directed by the Court and is supplemental to the opposition to the motion for contempt and supporting brief previously submitted by Attorney Krengel.

### B. Debtor's Letter Brief

Debtor's letter brief did not conform to the outline directed by the Court. There is no explicit statement indicating the ownership of the real estate as of the date of debtor's petition for bankruptcy and there is no statement indicating the specific conduct or activity debtor contends violated the stay or discharge, or indicate whether an activity violated the stay or the discharge. There is no more clarity in debtor's letter brief about the basis for the request for contempt than debtor's motion. Debtor did not comply with the Court's directive for clear and concise statements about debtor's contentions.

Debtor's brief suggests her contention about violation depends on the validity of debtor's assertion she was the exclusive owner of the real property as of filing the petition for bankruptcy. (See Debtor's brief, Docket no. 121 at 3 ("The issue presented by SMS and Krengel is whether Busby held the property as a tenant in common with her ex husband or in fee simple at the time she paid Guaranty Bank $20,000.")) Debtor implies

3

in her brief that debtor contends the Property was owned solely by debtor as of the petition for bankruptcy. The contention is implied by the statement included in part of a sentence which reads "SMS and Krengel had actual, direct and constructive notice that Robin Busby held the property in fee simple before her divorce." (Debtor's brief, Docket no. 121 at 3.) Debtor's contention is grounded on the idea that Robert G. Busby transferred his ownership interest in the Property to debtor as part of the property settlement agreement incorporated into the divorce decree. Debtor acknowledges the deed was not recorded and was held in escrow awaiting satisfaction of conditions provided in the property settlement agreement, but contends the deed was effective because an unrecorded deed does not invalidate the transfer. (Debtor's brief, Docket no. 121 at 3 - 6.)

Debtor did not contend the deed was unconditionally delivered with the intent that it shall become effective as a conveyance, did not contend the condition for release of the deed from escrow was satisfied prior to bankruptcy, or that the deed was released from escrow and delivered to debtor prior to bankruptcy. Debtor does not depend on property records for her contention. There is no contention the Settlement Agreement and Release between Guaranty Bank and debtor provided a release of debtor's former spouse, Robert G. Busby, or required satisfaction of the mortgage. Debtor challenges the activity to strike the erroneously filed mortgage satisfaction on the basis that it was action against debtor or an asset of the bankruptcy estate because debtor was sole owner of the property even though the deed remained in escrow.

Debtor did not attempt to reconcile debtor's contention concerning ownership with her failure to convince the Court of Common Pleas of Montgomery County of debtor's contention when the Court expressly found:

4

> As a preliminary matter, it bears mentioning that Robin Busby's pleadings and Concise Statement are replete with misrepresentations. For instance, Ms. Busby claims that she is the sole owner of the Subject Property by virtue of the deed Mr. Busby executed contemporaneously with the PSA. However, as referenced above, this deed was held in escrow by Ms. Busby's divorce attorney and was not recorded due to Ms. Busby's failure to complete the mandated refinancing of the Subject Property as set forth in the PSA. Ms. Busby also wrongly asserts that she and Mr. Busby hold title to the Subject Property as tenants by the entirety, a representation she also made in her bankruptcy filing. Mr. and Ms. Busby, however, have held title to the Subject Property as tenants in common since the issuance of their divorce decree pursuant to 23 Pa.C.S.A. § 3507, which provides that whenever married persons holding property as tenants by entireties are divorced, they shall thereafter hold the property as tenants in common of equal one-half shares in value.

(Order and opinion by the Honorable Weny G. Rothstein of February 22, 2022 at 5.) Debtor did not explain the inconsistency between her contention and her acknowledgement in the Settlement Agreement and Release of Claims she entered with Guaranty Bank following her divorce that the "real property is now owned by Robert Busby and Robin Busby as tenants in common." (Settlement Agreement and General Release of Claims, section 2(D) signed by debtor on January 10, 2017).

The only statement by debtor in her brief about the conduct she contends is the basis for her contempt motion is "SMS Financial violated the automatic stay when it proceeded in state court in 2018 and 2020 to obtain a lien against property of the bankruptcy estate." (Debtor's brief, Docket no. 121 at 7.) The only statement included in debtor's brief relating to Attorney Krengel's liability is: "In utter disregard, SMS and Attorney Krengel made written demands on the title company to payoff the Guaranty Bank mortgage in the name of SMS. Attorney Krengel demanded payment from Busby to amicably resolve the matter in direct violation of the discharge injunction." (Debtor's brief, Docket no. 121 at 8.) Debtor's brief did not include a contention about the date, manner and means by which Attorney Krengel learned of the bankruptcy and discharge in

5

bankruptcy. Debtor does not contend the state court proceedings to strike the mortgage satisfaction was against debtor. Debtor implicitly acknowledges there can be no violation if debtor did not exclusively own the property. ((Debtor's brief, Docket no. 121 at 3 ("The effect would be that any actions taken by Krengel and SMS only affected Robert's 1/2 undivided share which they assert was not property of the bankruptcy estate. This argument has no merit and SMS and Krengel had actual, direct and constructive notice that Robin Busby held the property in fee simple before her divorce."))

### C. Discussion

Debtor is pursuing a determination of contempt against Attorney Krengel. As a reminder, civil contempt is controlled by Federal Rule of Bankruptcy Procedure 9020 and governed by Federal Rule of Bankruptcy Procedure 9014 as a contested matter. An adjudication of contempt depends on the requisite proof that: 1) a valid order of the court existed; 2) the defendant had actual knowledge of the order; and 3) the defendant disobeyed the order. *In Re Meyers*, 344 B.R. 61, 65 (Bankr. E.D. Pa. 2006) *citing Robin v. Woods*, 28 F.3d 396, 399 (3d Cir.1994). The requisite proof is clear and convincing evidence. *Oninter v. Volkswagen of America*, 676 F.2d 969, 974 (3d Cir.1982). The movant has a heavy burden to show a respondent is guilty of civil contempt. *Id*. The activity forming the basis for the request for contempt must be clearly unlawful:

> ... [A] court may hold a creditor in civil contempt for violating a discharge order if there is no fair ground of doubt as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful.

*Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799, 204 L. Ed. 2d 129 (2019). Ambiguities must be resolved in favor of the party charged with contempt. *John T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003). There is no presumption of contempt.

The validity of debtor's contention that debtor was the exclusive owner of the Property depends on whether the deed was unconditionally delivered with the intent to transfer ownership from Robert G. Busby to debtor. "A deed does not become operative until delivered with the intent that it shall become effective as a conveyance. Delivery is a matter of intent to pass title." *In re Cragin's Estate*, 117 A. 445, 446 (1922). The presentation of a signed deed to an attorney with instructions not to record the deed was not delivery with the intent to transfer because the deed was not presented with the intent to transfer. *Williams v. Estate of Matto*, 15 Pa. D. & C. 5th 215, 222 (Lackawanna 2010). A deed from parents to child was not a conveyance of real property where the deed was to be held in escrow until the mortgage had been fully paid. *Blancett v. Blancett*, 136 N.M. 573, 576 (2004) *citing Martinez v. Martinez*, 678 P.2d 1163, 1166 (1984). The parents' statements made the delivery conditional and prevented legal delivery. *Id.* The concept concerning delivery is universally applied:

> Where the future delivery is to depend upon the payment of money or the performance of some other condition, it will be deemed an escrow. Where it is merely to await the lapse of time or the happening of some contingency, and not the performance of any condition, it will be deemed the grantor's deed presently. Still it will not take effect as a deed, until the second delivery; but when thus delivered it will take effect by relation from the first delivery.

*Stephens v. Reinhart*, 72 Pa. 434, 440 (1873) *citing Foster v. Mansfield*, 44 Mass. 412, 414 (1841). Similarly, delivery of a deed not to be recorded until the death of the grantee was conditional and was not delivered with the requisite intent to convey the real estate. *Blancett v. Blancett*, 136 N.M. 573, 575-76 (2004). Debtor's contention about ownership depends on whether the unrecorded deed was delivered with the intent to transfer ownership or whether it was conditional.

As found by Judge Rothstein, debtor did not satisfy the condition to release the deed from escrow because debtor did not obtain refinancing to discharge Robert G. Busby from his debt obligation secured by the mortgage. The deed remained in escrow until the sale proceeds satisfied Robert G. Busby's mortgage obligation. Robert G. Busby remained an owner of the property until the proceeds from the sale paid the SMS Financial mortgage. Robert G. Busby continued to own the Property with debtor as tenants in common when debtor's petition for bankruptcy was filed. Therefore, Judge Rothstein correctly decided that debtor was not the exclusive owner of the Property. Debtor's contention about exclusive ownership is incorrect and her basis for contempt is invalid.

Debtor could not have received more than the rights held by Robert G. Busby. The Settlement and Release between debtor and Guaranty Bank did not provide for settlement and release of Robert G. Busby. The settlement and release was limited to debtor. Robert G. Busby was not supposed to receive a release. Robert G. Busby did not satisfy the mortgage or obtain a release. Robert G. Busby was not legally entitled to have the mortgage satisfied. Debtor could only receive the rights held by Robert G. Busby and Robert Busby's ownership rights were not properly free and clear of the mortgage.

Section 362 effectively stalls collection activity by a creditor on pre-petition debts and against assets of the estate during the pendency of the case. Section 524 effectively bars creditors from collecting discharged debts as personal liabilities. In the context of this matter, the activity by Attorney Krengel was covered by section 362(a) or 524(a) if the activity was to collect a debt from debtor or, in the context of section 362, seizure of property of the estate. There is no prohibition in seizing property of the estate post-discharge. The activity was not against debtor because there was no request for relief

against debtor. Property of the estate is a defined term found in 11 U.S. Code §541 and requires the debtor to have an interest in the property. The property interest of another is not property of the estate. Robert G. Busby's ownership of the Property was not property of the estate.

The state court proceeding was not against debtor and the mortgage satisfaction that was stricken related only to debtor's co-tenant in common, Robert G. Busby. It was lawful for Attorney Krengel to initiate the state court proceeding to correct the erroneous satisfaction of the mortgage against the divisible interest in the property owned by Robert G. Busby and did not impair or affect the ownership interest of debtor. There was no collection of a discharged debt and was limited to *in rem*. As Attorney Krengel indicated in his opening brief, the subsections of section 362(a) do not apply because:

1. There was no action or proceeding against debtor.
2. There was no enforcement against debtor or property of the estate. Robert G. Busby's joint interest in the Property was property that belonged to Robert G. Busby and was not property of the estate.
3. The activity was not an act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.
4. The activity was not an act to create, perfect, or enforce any lien against property of the estate.
5. The activity was not an act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title. Reversal of the satisfaction of the mortgage did not create, perfect or enforce a lien against property of debtor.

Debtor was released from the mortgage and the mortgage was not against debtor's property. The mortgage had been in place before bankruptcy, was only removed in error, was not a lien that arose after bankruptcy, and was not against property of the estate.

6. The activity was not an act to collect, assess, or recover a claim against the debtor that arose before the commencement of the bankruptcy case. The activity was not directed to debtor or anyone. The activity was *in rem* against the interest of Robert G. Busby only.

7. The activity was not a setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor. No setoff was involved.

8. The activity was not the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title. No tax was involved.

The subsections of section 524(a) do not apply because:

1. The activity did not involve a judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived. No judgment was involved.

2. The activity was not the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a

10

personal liability of the debtor, whether or not discharge of such debt is waived. No personal liability of debtor was involved.

3. The activity was not the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1192, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived. The property was not community property. Debtor and Robert G. Busby had divorced.

Debtor's bankruptcy did not eliminate the right of SMS Financial to correct the error with the mortgage satisfaction. Enjoining SMS Financial from collecting its secured interest from the Property would be unjust enrichment and an unjustified windfall. The law must be applied "to prevent a party from receiving 'a windfall merely by reason of the happenstance of bankruptcy.'" *Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) *quoting Lewis v. Manufacturers National Bank*, 364 U.S. 603, 609, 81 S.Ct. 347, 350, 5 L.Ed.2d 323 (1961). Bankruptcy does not authorize a windfall by retaining the property acquired with money provided by a mortgage lender. Section 524(a)(2) only operates as an injunction against further attempts at collection to enforce a discharged debt as a personal liability against the debtor. In Pennsylvania, an action in

11

mortgage foreclosure is an *in rem* proceeding which imposes no personal liability on the mortgagor. *In re Reed*, 274 B.R. 155, 158 (W.D.Pa. 2002). "Section 524(a)(2) ... does not prohibit the holder of an unavoided lien from enforcing it against a debtor in an *in rem* proceeding. It prohibits only the commencement or continuation of an action to collect debtor's personal liability that arose in connection with the lien." *Id*.

The provisions of the property settlement agreement did not convert Robert G. Busby's interest in the Property into property of the estate. Robert G. Busby was an owner of the Property until it was sold. His interest was distinct from the interest of debtor. The mortgage interest of SMS Financial was valid against the Property and was not dependent on the terms of an agreement between the owners of the Property—debtor and Robert G. Busby. Both mortgaged the property, but only debtor obtained a release from the mortgage. Only personal debts are dischargeable in bankruptcy.

A mortgage lien is *in rem* and is not a personal debt. The discharge injunction does not enjoin a mortgage holder from exercising its right in the mortgaged property of the debtor or another. The mortgage would have remained if it had not been erroneously marked satisfied. The striking of the satisfaction properly restored the pre-petition mortgage. Bankruptcy is a fresh start, but it is not a head start. Debtor did not defeat the right of SMS Financial to obtain repayment of the funds Robert G. Busby used to own the property. The activity by Attorney Krengel for his client, SMS Financial, was not prohibited by section 362 or section 524.

Acceptance of payment for satisfaction of the mortgage properly on the Property was not unlawful. The payment from sale proceeds was not action against debtor or an asset of the bankruptcy estate because the transfer of ownership did not occur until the

mortgage was satisfied as part of the sale while Robert G. Busby was still an owner. Debtor did not sustain her burden to establish there is no objectively reasonable basis for concluding that the conduct by Attorney Krengel might be unlawful.

### D. Conclusion

Debtor's motion for contempt for violation of the automatic stay and discharge injunction should be denied.

Respectfully submitted,

*/s/ Jeffrey McCarron*
JEFFREY B. MCCARRON

SWARTZ CAMPBELL LLC
1650 Market Street, 38th Floor
Philadelphia, PA  19103
P: (215) 299-4376
F: (215) 299-4301
jmccarron@swartzcampbell.com

*Attorney for Respondent,*
*Barry Krengel*

Dated:  June 30, 2022

13

**CERTIFICATE OF SERVICE**

I, Jeffrey B. McCarron, Esquire, attorney for respondent, Barry Krengel, hereby certify that a true and correct copy of the foregoing brief in support of the answer of respondent, Barry Krengel, to debtor's motion for contempt for violation of the automatic stay and discharge injunction was served upon all parties or counsel of record by electronic service through the Court on June 30, 2022.

Helm Legal Services LLC
Paul A R Stewart, Esquire
333 East Lancaster Avenue, Ste 140
Wynnewood PA 19096
pstewart@legalhelm.com

Holly S. Miller
Gellert Scali Busenkell & Brown, LLC
1628 John F. Kennedy Blvd, Suite 1901
Philadelphia, PA 19103
hsmiller@gsbblaw.com

Date:   June 30, 2022

*/s/ Jeffrey McCarron*
Jeffrey B. McCarron